**SUMMONS ISSUED**

CV 12 5593

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 13 2012 ★
LONG ISLAND OFFICE

BLOCK, J.
J. ORENSTEIN, M.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------

CHRISTOPHER TABICK
on behalf of himself and
all other similarly situated consumers

                    Plaintiff,

-against-

SOLACE FINANCIAL, LLC

                    Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Christopher Tabick seeks redress for the illegal practices of Solace Financial, LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Charlotte, North Carolina.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

-1-

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Christopher Tabick*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. Within the one year immediately preceding this action, the Defendant left many messages on the Plaintiff's answering machine on numerous occasions.

11. The callers failed to identify themselves as debt collectors attempting to collect a debt.

12. Upon information and belief, the said messages were either pre-scripted or pre-recorded.

13. Defendant has engaged in a pattern of leaving messages without disclosing that the communication is from a debt collector.

14. The said telephone messages are in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11) for failing to indicate that the messages were from a debt collector which constitutes a deceptive practice.

15. Defendant, Solace Financial LLC sent a letter to Plaintiff dated October 10, 2012 which failed to identify the name of the creditor to whom the debt is owed.

16. In fact, the Defendant failed to state the name of any creditor at all, as required by 15

U.S.C. § 1692g(a)(2).

17. Said violations of the Fair Debt Collection Practices Act include:

Employing false and misleading representations in violation of 15 U.S.C. § 1692e;

The use of false representations and deceptive means to attempt to collect a debt in violation of 15 U.S.C. § 1692e(10);

The failure to send the consumer written notice containing the name of the creditor in violation of 15 U.S.C. § 1692g(a)(2).

18. Plaintiff would have no way at all of knowing to who this debt is owed. Suquilanda v. Cohen & Slamowitz, LLP, 2011 U.S. Dist. LEXIS 102727 (S.D.N.Y. Sept. 7, 2011). (A collection letter that falsely listed the creditor under a different name states a claim for relief under section 1692e(10). The court noted that if a letter falsely listed an unregistered entity that did not own Plaintiff's debt, or the letter listed a different creditor, the least sophisticated consumer could be confused as to which entity was the creditor thus the Plaintiff had plausibly alleged a violation of section 1692e(10).), Russell v. Equifax A.R.S., 74 F.3d 30, 1996 U.S. App. LEXIS 1042 (2d Cir. N.Y. 1996). (Concluding that a letter sent subsequent to a validation notice violated section 1692e where "it advance[d] a message that is open to an inaccurate yet reasonable interpretation by the consumer, and is therefore deceptive as a matter of law."), see also Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293, 301-02 (E.D.N.Y. 2005). (Granting Plaintiff summary judgment in a 1692g(a)(2) claim and explaining that "[t]he least sophisticated consumer would not deduce from reading the collection letter that the name of the creditor seeking collection is 'The Bureaus'

"), Schneider v. TSYS Total Debt Mgmt., Inc., 2006 U.S. Dist. LEXIS 48177, 2006 WL 1982499, at *4 (E.D.Wis. July 13, 2006). (Denying motion to dismiss in 1692g(a)(2)claim where Plaintiff alleged that defendants listed "Target" as the creditor rather than the full name of the creditor.), Hepsen v. J.C. Christensen and Assocs., Inc., 2009 U.S. Dist. LEXIS 92717, 2009 WL 3064865, at *5 (M.D.Fla. Sep. 22, 2009). (Concluding that the defendant violated 1692e(10) by incorrectly listing the name of the current creditor.), Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989). (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act), Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993). (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.), Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. N.Y. 1996). (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.), Campuzano-Burgos v. Midland Credit Mgmt., Inc., 550 F.3d 294 (3d Cir. 2008). (The court summarized the law of deception under the least sophisticated consumer standard: A communication is deceptive for purposes of the Act if: "it can be reasonably read to have two or more different meanings, one of which is inaccurate". This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor.), Dutterer v. Thomas Kalperis Int'l, Inc., 2011 WL 382575 (E.D. Pa.Feb. 4, 2011). (A communication that could be "reasonably

read to have two or more different meanings, one of which is inaccurate," is considered deceptive.), Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008). (It is a remedial statute that we 'construe . . . broadly, so as to affect its purpose.' "Communications are to be analyzed under the least sophisticated debtor standard. A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate."), Smith v. Harrison., 2008 WL 2704825 (D.N.J. July 7, 2008). (A debt collection letter "is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate."), Brown v. Card Serv. Ctr., 464 F.3d 450 (3d Cir. 2006). (FDCPA is remedial, strict liability statute to be liberally construed. Communications from collectors to debtors are analyzed from the perspective of the least sophisticated consumer. A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.), Holmes v. Mann Bracken, L.L.C., 2009 WL 5184485 (E.D. Pa.Dec. 22, 2009). (Where defendant sent the communication knowing that the contents could be "deceptive" because such communication could have "two or more different meanings, one of which is inaccurate," the court denied defendant's motion for summary judgment.), Reed v. Pinnacle Credit Servs., L.L.C., 2009 WL 2461852 (E.D.Pa. Aug. 11, 2009). (Objective least sophisticated consumer standard applies. Thus, where there are two possible meanings to a communication, one of which is inaccurate, the least-sophisticated consumer could be misled or deceived by that inconsistency.), Mushinsky v. Nelson, Watson & Assoc., L.L.C., 642 F. Supp. 2d 470 (E.D. Pa. 2009). (A collection letter is deceptive if it can reasonably have two meanings,

one of which is inaccurate.), Dutterer v. Thomas Kalperis Int'l, Inc., 2011 WL 382575 (E.D. Pa. Feb. 4, 2011). (A notice that could be "reasonably read to have two or more different meanings, one of which is inaccurate,"), Dutton v. Wolhar, 809 F. Supp. 1130 (D. Del. 1992) ("least sophisticated debtor is not charged with gleaning the more subtle of the two interpretations" of a collection notice.)

19. Defendant violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(a)(2) for misleading representations and deceptive means, and for failing to identify the name of the creditor to whom the debt is owed or the name of any creditor for that matter.

### AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

20. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through nineteen (19) as if set forth fully in this cause of action.

21. This cause of action is brought on behalf of Plaintiff and the members of two classes.

22. Class A consists of all persons whom Defendant's records reflect resided in New York who received telephonic messages from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone messages were placed without setting forth that the communication was from a debt collector; and (c) the Plaintiff asserts that the telephone messages were in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11).

23. Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent collection letters, (a) bearing the Defendant's letterhead in

substantially the same form as the letters sent to the Plaintiff on or about October 10, 2012; (b) the collection letter was sent to a consumer seeking payment of a personal debt; and (c) the collection letter was not returned by the postal service as undelivered, and that (d) the Defendant violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(a)(2) for misleading representations and deceptive means and for failing to identify the name of the creditor to whom the debt is owed or the name of any creditor for that matter.

24. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that form telephonic messages and form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received such telephonic messages and such collection letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the

members of the class.

25. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

26. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

27. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

28. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

29. Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    (a)    Statutory and actual damages provided under the FDCPA, 15 U.S.C. §

1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
November 8, 2012

_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)

-9-



SOLACE FINANCIAL<sup>llc</sup>

2550 W Tyvola Rd, Suite 240
Charlotte, NC 28217-4579

2550 W Tyvola Rd, Suite 240
Charlotte, NC 28217-4579
Toll Free: 888-765-2236
Fax: 704-525-2412

1 1 00000006
188818

October 10, 2012

Christopher Tabick
89 BAY 23RD STREET
BROOKLYN NY 11214-3807

RE:

| | |
|---|---|
| Prior Servicer Acct #: | 2147184813 |
| Solace Financial Acct #: | B80213094382 |
| Account Balance: | $473,386.90 |

Dear Sir or Madam:

The above referenced account has been placed with our office for collection.

Unless you notify this office within 30 days of receiving this notice that you dispute the validity of this debt, or any portion thereof we will assume that this debt is valid. If you notify us of any such dispute in writing within 30 days of receiving this notice, we will obtain verification of the debt or obtain copy of the judgment and mail you a copy. If you request in writing within 30 days of receiving this notice we will provide you with the name and address of the original creditor if different from the current creditor.

*This communication is an attempt to collect a debt and any information obtained will be used for that purpose.*

Please remit all payments or correspondence to:

Solace Financial, LLC
2550 W Tyvola Rd, Suite 240
Charlotte, NC 28217-4579

If you have any questions, please call Solace Financial, LLC at 888-765-2236 between the hours of 8:00 a.m.- 8:00 p.m. Monday through Thursday, from 8:00 a.m. - 5:00 p.m. Friday and 8:00 a.m. – 12:00 p.m. on Saturday EST.

Sincerely,

Solace Financial, LLC            North Carolina Department of Insurance Permit #4425

To make payment by credit card please visit our website: http://solacefinancial.com/contact.html

**City of New York Residents:**
City of New York, Department of Consumer Affairs License Number is 1248349.

SOL0011
SOLACE.WFD
188818